UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ZENAS FRUGE** | **CIVIL ACTION NO. 3: 14-cv-0153** |
| **LA. DOC #438045** | |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE ROBERT G. JAMES** |
| **LARRY COX, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for Summary Judgment, [doc. # 25], filed by Defendants Larry Cox and Antonio Johnson. Plaintiff opposes the Motion. [doc. # 29]. For reasons stated below, it is recommended that the Motion be **GRANTED**.

## Background

*Pro se* Plaintiff Zenas Fruge,[1] an inmate in the custody of Louisiana's Department of Corrections and housed at the Madison Parish Detention Center ("MPDC"), filed this civil rights Complaint pursuant to 42 U.S.C. § 1983 on January 30, 2014. [doc. # 1]. He claims that he is exposed to environmental tobacco smoke, that he is not allowed to order books or magazines, and that he has suffered injuries due to a lack of security. [doc. #s 1, 8]. He seeks monetary and injunctive relief. *Id.*

Defendants filed the instant Motion on November 26, 2014. [doc. # 25]. They argue that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies prior to filing suit. *Id.* Plaintiff, in opposition, argues that Defendants never responded to his initial administrative grievances and that, therefore, there were no

---

[1] Plaintiff proceeds *in forma pauperis*. [doc. # 3].

available administrative remedies to exhaust. [doc. # 29]. In other words, he claims that Defendants' failure to respond excused him from Section 1997e's exhaustion requirement.

The matter is now before the Court.

## **Law and Analysis**

A. Summary Judgment Standard

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate.

*Id*. "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).[2]

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). To rebut a properly supported motion for summary judgment, the opposing party must show, with "*significant* probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

---

[2] However, Rule 56 does not require a court to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoted source omitted).

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[3] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

B. <u>Exhaustion Principles</u>

Pursuant to 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is required even where the relief sought cannot be granted by the administrative process. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citations omitted). All "available" remedies must be exhausted, whether speedy and effective, or not. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

"Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules." *Johnson v. Kukua*, 342 Fed. App'x. 933, 934 (5th Cir. Aug. 20, 2009) (unpubl.) (citing *Woodford*, 548 U.S. at 89-93). "Mere substantial compliance with administrative remedy procedures does not satisfy exhaustion; instead . . . prisoners [are required] to exhaust available remedies properly." *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010) (citation and internal quotation marks omitted).

---

[3] I.e., beyond doubt.

Thus, an untimely or otherwise procedurally defective administrative grievance does not satisfy the exhaustion requirement. *Id.*

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). An inmate is required to "exhaust his remedies, irrespective of the form of relief sought, injunctive or monetary." *Richbourg v. Horton*, 2008 WL 5068680 (5th Cir. Dec. 2, 2008) (unpubl.) (citation omitted). Exhaustion also applies to claims brought against defendants in their official and/or individual capacities. *See e.g., Williams v. Henagan*, 595 F.3d 610, 618 (5th Cir. 2010); *Hines v. Texas*, 76 Fed. App'x. 564 (5th Cir. Sept. 29, 2003) (unpubl.).

Exhaustion is an affirmative defense; thus, the burden is on the defendant to establish that the plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). If a defendant meets this burden, a court has no discretion to excuse the plaintiff's failure. *Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

C. <u>Analysis</u>

The undisputed facts show that Plaintiff failed to exhaust his available administrative remedies. More specifically, the evidence—or the absence of evidence—demonstrates that Plaintiff did not properly proceed past the first step of MPDC's three-step Administrative Remedy Procedure ("ARP").

First, it is undisputed that there is a three-step "Administrative Remedy Procedure" ("ARP") that inmates at MPDC must use to resolve complaints. [doc. #s 1; 25-3; 25-4; 25-7]. Under the ARP, an inmate must first complete a grievance form and deposit it in a collection box

5

for delivery to the Warden. [doc. # 25-4, p. 5]. The Warden's office will then inform the offender if his grievance is being processed or if it was rejected. *Id.* at 6. Pursuant to "Step Two," an inmate must ask the Warden to review his grievance. *Id.* Under "Step Three," if an offender is still not satisfied with the results of the review, he must appeal to the Sheriff. *Id.*

The policy further states that an inmate may either utilize a "standard form" provided by the Sheriff, or he may utilize "any form of written communication which contains the phrase: 'This is a grievance under the Administrative Remedy Procedure.'" *Id.* at 4-5. The policy clearly cautions that "no written communication will be accepted as a Grievance unless it contains the phrase, "This is a grievance under the Administrative Remedy Procedure." *Id.* at 4. The policy also cautions: "IF AN OFFENDER DOES NOT TIMELY FOLLOW EACH STEP OF THE PROCEDURE, HE MAY BE BARRED FROM LATER BRINGING HIS GRIEVANCE TO COURT." *Id.* at 2.

Plaintiff presents what purport to be two "Step One" grievances.[4] In the first grievance, dated December 13, 2012, Plaintiff complained of environmental tobacco smoke and deprivation of educational material. [doc. # 11, p. 5]. However, Plaintiff presents no competent summary judgment evidence demonstrating that he properly appealed this grievance. He does present two letters addressed to Sheriff Larry Cox, [doc. # 11, p. 1, 4], but the Sheriff is not the proper party to appeal to according to the second step of the ARP. In addition, neither letter contains the requisite heading, "This is a grievance under the Administrative Remedy Procedure."[5] *See id.*

---

[4] Plaintiff addressed the two grievances to "Warden Major Johnson." [doc. # 11, p. 3, 5]. According to Plaintiff, Major Antonio Johnson was the acting warden at the time. [doc. # 25-7, p. 3].

[5] Plaintiff did not utilize the standard grievance form.

Moreover, as the first letter is dated December 13, 2012, the same date that Plaintiff allegedly initiated the ARP, it cannot be considered an appropriate appeal because Plaintiff did not allow fifteen days for the Step One Respondent to respond. [*See* doc. # 25-4, p. 5-6].

In a second grievance, dated November 1, 2013, Plaintiff alleged that other inmates "jumped" him and injured his eyes, nose, and thumb. [doc. # 11, p. 3]. However, as above, Plaintiff presents no evidence demonstrating that he appealed the grievance. He only adduces one letter addressed to Sheriff Cox—the same letter discussed above—as evidence of an appeal; however, the letter is not a proper appeal because it is dated November 1, 2013, the same date listed on the initial grievance, and it does not contain the requisite heading. *See id.* at 1-2.

With all of that said, it appears that the main thrust of Plaintiff's argument is that he should be excused from the exhaustion requirement because Defendants refused to respond to his initial grievances. [doc. # 29, p. 1-4]. He claims that the ARP is merely an "illusion" and that "prison officials intentionally denied him access . . . ." *Id.* at 2, 3. This argument is unfounded. The Fifth Circuit recently addressed this very issue:

> Section 1997e's exhaustion requirement is satisfied only if the prisoner "pursue[s] the grievance remedy to conclusion." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This requirement does not fall by the wayside in the event that the prison fails to respond to the prisoner's grievance at some preliminary step in the grievance process. Instead, the prison's failure to timely respond simply entitles the prisoner to move on to the next step in the process. Thus, it is only if the prison fails to respond at the last step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance.

*Wilson v. Epps*, 2015 WL 127378, at *3 (5th Cir. Jan. 8, 2015).

7

Here, Defendants' alleged failure to respond to Plaintiff's Step One grievance does not excuse Plaintiff's failure to exhaust. As the *Wilson* court stated, "the prison's failure to respond will result in exhaustion . . . only if [the plaintiff] went on to file both a step-two and a step-three appeal—that is, only if [the plaintiff] pursued the grievance remedy to conclusion, and the prison did not make a timely response at *that* point." *Id.* (internal quotation marks and citation omitted). To reiterate, the record summary judgment evidence here—or lack thereof—reveals that, at most, Plaintiff completed only the first step of the ARP. In effect, Defendants' alleged failure to respond is immaterial.

Defendants' uncontested, competent summary judgment evidence establishes beyond peradventure that the ARP was available to Plaintiff and that Plaintiff nonetheless failed to complete it. The Court is therefore compelled to find that there is no genuine dispute as to any material fact, that Defendants are entitled to judgment as a matter of law, and that Plaintiff's claims should be dismissed.

Although dismissal for failure to exhaust administrative remedies is typically without prejudice,[6] the Court is authorized to dismiss Plaintiff's Complaint with prejudice with respect to his right to re-file it *in forma pauperis* ("IFP"):

> By choosing to file and pursue his suit prior to exhausting administrative remedies as required, [plaintiff] sought relief to which he was not entitled–that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures. We therefore affirm the district court's order dismissing [plaintiff's] action with prejudice for purposes of proceeding IFP.

*Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998) (overruled by implication on other grounds by *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

---

[6] *See, e.g., Cooper v. Quarterman*, 342 Fed. App'x. 12, 13 (5th Cir. 2009).

The foregoing approach is appropriate here. Accordingly, if Plaintiff exhausts his administrative remedies with respect to the claims raised, he may present these claims again, but he may not proceed *in forma pauperis* to do so.[7]

## Conclusion

For the above-stated reasons, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment, [doc. # 25], be **GRANTED**, and that Plaintiff's Complaint, [doc. #s 1, 8], be **DISMISSED without prejudice for failure to exhaust administrative remedies**, but **DISMISSED with prejudice** for purposes of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE**

---

[7] Of course, administrative exhaustion requires "proper" exhaustion, i.e., compliance with deadlines and other critical procedural rules. *Woodford, supra*. At this point, Plaintiff's delay may foreclose his ability to properly exhaust available administrative remedies.

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, Monroe, Louisiana, this 26th day of January, 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE